

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brock
County Attorney
Lubbook County
Lubbook, Texas

Dear Sir:                          Attention:  Mr. Lloyd Croslin

                                   Opinion No. O-4708
                                   Re:  Is Lubbook County authorized
                                        to pay the hospital expenses
                                        incurred under the facts sub-
                                        mitted?

        Your letter requesting the opinion of this depart-
ment on the above stated question reads in part as follows:

        "A question has arisen before the Commission-
    ers Court and the County Auditor of Lubbook County
    as to whether or not the County is authorized to
    pay hospital expenses incurred under the following
    circumstances:

        "One Elza Clay was drunk and raising a dis-
    turbance on a public street in the City of Lubbook
    on July 4th.  L. U. Belt, Deputy Constable, arrest-
    ed him, after seeing him drunk on the street.  Belt
    brought Clay to the County Jail.  After entering
    the lobby of the County Jail building, Belt said to
    Mr. Ross Berry, the Jailer, that he wanted to lock
    this man up.  Berry inquired whether or not Clay
    had been searched.  Belt replied that he had only
    taken a knife from him and had not made a complete
    search, whereupon, he began searching Clay.  When
    he, Belt took the billfold which contained Clay's
    money from his, Clay's, pocket, Clay cursed Belt
    violently and Belt either pushed or slapped Clay
    in an effort to quiet him.  Clay's condition was
    such that either the blow knocked him down or he
    fell down and in the fall, his leg was broken.

Honorable Ralph Brook, Page 2

"The County Health Officer was called and Clay was placed on a bed in the hospital ward of the jail. When the County Health Officer arrived, he decided that Clay should be hospitalized and he called the West Texas Hospital and asked that Clay be admitted. Clay is still in the hospital.

"No charges have, as yet, been filed against Clay, but there is no doubt as to the sufficiency of proof that he was drunk. Further action against him has been awaiting developments as to his condition.

"I have given you these facts in full detail in order that you may have the complete background on our problem.

"The question raised by the County Auditor before the Commissioners Court is whether or not the County should pay the hospital expenses incurred in the treatment of Clay, raising the question as to whether or not Clay was a prisoner of the County at the time of his injury and whether or not, even though he was a prisoner of the County at the time of the injury, the County would be bound or authorized, upon proper action by the Commissioners Court, to pay the hospital expenses incurred through the treatment of a prisoner injured by the unlawful act of an officer in striking him.

"It is my opinion that the County is liable and I have so advised the Commissioners Court and the County Auditor. Article 1037 of the Code of Criminal Procedure provides that--'Each County shall be liable for all expenses incurred on account of the safe keeping of prisoners confined in jail or kept under guard .......' Article 1040, Paragraph 3 provides that there shall be made an allowance to the Sheriff for prisoners 'for necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the Commissioners Court of the county where the prisoner is confined may determine to be just and proper.'

Honorable Ralph Brook, Page 3

"In Brewster County vs. Taylor, 122 S. W. 2nd, 1097, it is held that a person may be a prisoner without a complaint having been lodged against him before he is incarcerated, since peace officers are allowed, under certain circumstances, to make arrest without warrant. It is my contention that Clay, being drunk on a public street and found in such condition by Deputy Constable Belt, was subject to arrest without warrant, having committed a breach of the peace in the presence of an officer, and that Belt made a lawful arrest and that having made a lawful arrest, Clay, thereupon, became a prisoner of the County, since Belt was a duly and legally deputized deputy constable.

"I take the position that regardless of the question of liability of Belt to him or the subrogation of such liability in favor of the County against Belt for an unlawful act on his part and regardless of the manner in which Clay was injured, that when Clay became a prisoner of the County, the County, thereupon, became liable for his safe keeping and that they should pay the expenses, insofar as the Commissioners Court should decide that such expenses were necessary and reasonable. In view of the difficult question involved and the hesitancy on the part of the County Auditor to make any payment from county funds under the circumstances, we will appreciate your giving us an opinion on this question at your very earliest convenience.

"* * * *"

Article 1037 Vernon's Annotated Code of Criminal Procedure provides:

"Each county shall be liable for all expense incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping."

Honorable Ralph Brock, Page 4

Article 1040, Vernon's Annotated Code of Criminal Procedure, reads in part as follows:

"For the safekeeping, support and maintenance of prisoners confined in jail or under guard, the Sheriff shall be allowed the following charges:

". . .

"3. For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the Commissioners' Court of the county where the prisoner is confined may determine to be just and proper.

". . ."

It will be noted that Articles 1037 and 1040, supra, make the county liable for all expense incurred on account of the safekeeping of prisoners confined in jail or kept under guard, with certain exceptions, and Article 1040 specifically provides for necessary medical expenses and reasonable extra compensation for attention to a prisoner during sickness when such prisoner is confined to jail or under guard.

The county officials of Lubbock County are compensated on an annual salary basis, therefore not all of the provisions of Article 1040 are applicable to said county. In other words, under the officers salary law the Sheriff is not entitled to the fees and compensations allowed by such statute. However, the county is liable under Articles 1037 and 1040, for the necessary medical expense for a prisoner during sickness when the prisoner is confined in jail or under guard.

It is stated in Corpus Juris, Vol. 50, p. 363:

"Under a statute providing for medical attendance to prisoners, and compensation therefor, the general rule is that no allowance can be made except under the circumstances and in the manner provided for by statute; but an exception to this rule has been recognized in the case of a physician employed in the case of an emergency. In the absence of a statutory provision for medical attendance, it has been held that such attendance is a proper expense of imprisonment; but other cases

hold that the employment of a physician by the sheriff or by jail inspectors does not impose liability on the county for services rendered by the physician, and that no payment can be made out of the county fund for nursing a prisoner confined in jail on a criminal charge."

It is further stated in Corpus Juris, Vol. 50, p. 366:

"Under statutes imposing on counties liability for the care of prisoners, the liability of a county is controlled by, and is subject to, the restrictions of the particular statute. A county is generally liable for the care and maintenance of its own prisons and of prisoners confined therein for offenses committed within the county. The county is also liable, in some jurisdictions, to the sheriff for the board of prisoners committed under authority of a statute, in pursuance of a city, village, or town ordinance. Where a county prisoner suffering from contagious disease has been removed to a pesthouse or other place, rent of such place is a proper charge against the county."

Under the facts stated in your inquiry, it is shown that the party was injured while confined in jail and was removed to the hospital for medical treatment by the County acting on the advice or suggestion of the County health officer. From the facts as stated above, we assume that the party was not released, but remained a prisoner of the County. Therefore, it is our opinion that the County is authorized and required to pay the medical expense in the above mentioned case.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 5, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:mp

APPROVED
OPINION
COMMITTEE